J-S68027-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT GRAY, | : | |
| | : | |
| Appellant | : | No. 2480 EDA 2014 |

Appeal from the Judgment of Sentence March 7, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0015175-2008

BEFORE:  BENDER, P.J.E., DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED DECEMBER 07, 2015**

Robert Gray ("Gray") appeals from the judgment of sentence entered following his convictions of third-degree murder, robbery, criminal conspiracy, and possessing instruments of crime.  Gray pled guilty to these crimes and presently he challenges only the sentence imposed on these convictions.  For the following reasons, we affirm.

The trial court aptly summarized the facts as follows:

> On March 31, 2008, approximately 5 PM, Decedent, Nicholas Pisano, and Joshua McDonald were inside Decedent's home at 356 North Front Street, Philadelphia, PA when Yushwa Alwan arrived. Decedent and Alwan engaged in short conversation and Alwan left. Decedent had approximately six pounds of marijuana hidden in his apartment and Alwan knew the drugs were there.  Alwan solicited the cooperation of [Gray] and co-conspirator Joseph Harville (aka Zazzy) to rob Decedent. [Gray] cooperated with the police from the time of his arrest

and gave a full statement and confession. [Gray] told detectives:

> "Zazzy [] called me up on my cell and asked me what I was doing. I decided to go down meet and them both on Francis Street where his grandmother lives."

> "I got to Francis Street, I parked and hung out a little while that's when [Alwan] starts talking about this dude that had all this weed. He said he just left the boy's house and the guy had like ten pounds of weed in the dryer. He said the boy had a lot of money in the Nike box in the back room where the dog was at. [Alwan] was like we should roll on the boy. He said the guy was a punk and we wouldn't have to do nothing but scare the boy. We all agreed and then [Alwan] gave Zazzy the gun."

The co- conspirators purchased a pizza which they planned to use as a rouse to gain entry into the apartment by staging a pizza delivery. They planned for [Gray] to conduct the actually robbery. Police investigators later found [Gray's] fingerprints on the box containing the pizza. [Gray's] statement continued:

> "I parked the car under the bridge around the corner from the boy's house, then me and Zazzy and [Alwan] walked around to the house. [Alwan] walked a little bit behind and showed us where the house is at, then he stayed back while me and Zazzy went to the dude's house. I walked up the steps first and Zazzy was behind me. I still had the pizza with me and when Zazzy rang the doorbell he says 'delivery.' The guy inside opens the door and says wrong bell, you want the back. He had a bible in his hand and said like two more times, you want the back. He's like I'm telling you, you got the wrong apartment it happens all the time, you want the back door. I said, no, I

want some weed. He was like, you definitely got the wrong house. That's when Zazzy comes up from behind me with the gun and pushes passed me. He knocked the pizza box out of my hand when he pushed me. As Zazzy pushed by me the guy must have seen the gun because he looked shocked."

[Zazzy] shot Decedent once in the stomach causing his death. When McDonald observed Decedent being confronted he retrieved a gun from under the couch where he was seated and chased [Zazzy] and [Gray] out of the apartment and onto nearby Callowhill Street.

Decedent was transported to Hahnemann Hospital where he was pronounced dead. Dr. Greg McDonald performed an autopsy of Decedent's remains and concluded that he died as a result of a single gunshot wound to the abdomen and that the manner of death was homicide. ***Commonwealth v. Harville***, CP-51-CR-009496 -2008; 1944 EDA 2011, N.T. 6/29/2011 [at] 52.

Trial Court Opinion, 11/24/14, at 1-2.

As noted above, Gray pled guilty to aforementioned crimes, and the trial court sentenced him to an aggregate term of thirty-five to seventy years of incarceration.[1] Gray filed a post-sentence motion, which was denied on July 26, 2014. This appeal followed.

Gray presents the following two issues challenging the sentence imposed by the trial court:

---

[1] More specifically, the trial court sentenced Gray to twenty to forty years for third-degree murder, ten to twenty years for conspiracy, five to ten years for robbery, and two and a half to five years for PIC. All sentences except the PIC sentence were ordered to run consecutively.

- 3 -

1. Did the [trial] court abuse its discretion in sentencing [Gray] to the statutory maximum for third[-]degree murder after failing to consider [Gray's] actions in taking responsibility for his behavior and cooperating with law enforcement, and after failing to consider or discuss [Gray's] potential and need for rehabilitation, thus resulting in a manifestly excessive sentence?

2. Did the [trial] court abuse its discretion by sentencing [Gray] outside of the guidelines for conspiracy without stating sufficient reasons of record for doing so?

Gray's Brief at 4.

We begin by noting that Gray did not include his second issue in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal. *See* Rule 1925(b) Statement, 10/24/14, at 1-3. It is well settled that issues not included in a court-ordered statement of matters complained of are waived for purposes of appeal. ***Commonwealth v. Jackson***, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has repeatedly reiterated that this is a bright-line rule and that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005); ***see also Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Here, the lower court ordered Gray to file a statement

of matters complained of on appeal. Trial Court Order, 9/9/14. Gray failed to include this issue therein, and so we must find that it has been waived.

Gray's remaining issue challenges the discretionary aspects of the sentence imposed on his third-degree murder conviction. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

*Id.*

Gary's appeal was timely filed. Although not replicated verbatim, Gray raised substantially the same issue in his post-sentence motion. *See* Motion for Reconsideration of Sentence Pursuant to Pa.R.Cr.P. 720, 3/17/14, ¶¶ 6, 8, and so we will find that he has properly preserved it for appeal. Gray has included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and so we turn to the final aspect of this inquiry: whether Gray has established a

substantial question that this sentence is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Gray states that "his statutory maximum sentence for third-degree murder was contrary to the fundamental norms of the sentencing process because he was afforded no consideration for the fact that he took responsibility for his actions and cooperated with the police." Gray's Brief at 8. With this claim, Gray is complaining that the trial court failed to give adequate consideration to certain mitigating factors that he believes would militate in favor of a reduced sentence. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Swope***, \_\_ A.3d \_\_, 2015 WL 5439772 at *4 (Sept. 16, 2015); ***see also Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015).[2]

---

[2] We recognize that a claim that the trial court failed to consider mitigating factors **in conjunction with** an excessiveness claim may present a substantial question so as to invoke our review. ***See Caldwell***, 117 A.3d at 770. Gray does not raise an excessiveness claim in conjunction with this allegation; he simply alleges that the trial court abused its discretion because it did not consider this factor. Gray's Brief at 8. However, even if Gray had specifically coupled this claim with an allegation of excessiveness, we would find that he is due no relief. The record reveals that the trial court did, in fact, take Gray's cooperation and acceptance of responsibility into account. N.T., 3/7/14, at 21-22. It also reveals, however, that Gray's "cooperation" consisted of agreeing to testify against his co-conspirators in conformance with his statement to the police, but at each trial he recanted his statement. ***Id.*** at 12-13, 17-18.

Gray also states that the trial court abused its discretion because "the court did not consider the rehabilitative needs of [Gray]." Gray's Brief at 8. This allegation also fails to raise a substantial question so as to invoke our review. ***Commonwealth v. Griffin***, 65 A.3d 932, 936, *appeal denied*, 76 A.3d 538 (Pa. 2013).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015